IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS BALEY, LISA BEARD, SANDRA CHEATHAM, SARAH CRUZ, JOSHUA DAISY, JOSEPH E. DANIELAK, CRAIG R. FEW, ARTHUR GALLEGOS, JOSE V. GONZALEZ, ANNE E. GRADOLF, EDWARD HAMILTON, DONALD JETT, JOSEPH D. KINSELLA, CHRISTINE A. LONA, RICHARD C. MARINO, SERGIO MORENO, DAVID NAVARRO, JR., ERIC S. OSBORNE, JOHN PEARSON, CHARLES D. REEVES, MICHAEL A. REYES, HAYLEY KRISTEN STAFEN, GREGORY STINNETT, RONALD W. TAYLOR, and DAVID J. WIGGINS, on behalf of themselves and all other Plaintiffs similarly situated known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, a Municipal Corporation, <br><br> Defendant. | JURY DEMANDED <br><br> CASE NO. <br><br> FILED: JANUARY 13, 2009 <br> 09 CV 228 <br> JUDGE DARRAH <br> MAGISTRATE JUDGE COLE <br> YM |

## COMPLAINT

NOW COME the Plaintiffs, THOMAS BALEY, LISA BEARD, SANDRA CHEATHAM, SARAH CRUZ, JOSHUA DAISY, JOSEPH E. DANIELAK, CRAIG R. FEW, ARTHUR GALLEGOS, JOSE V. GONZALEZ, ANNE E. GRADOLF, EDWARD HAMILTON, DONALD JETT, JOSEPH D. KINSELLA, CHRISTINE A. LONA, RICHARD C. MARINO, SERGIO MORENO, DAVID NAVARRO, JR., ERIC S. OSBORNE, JOHN PEARSON, CHARLES D. REEVES, MICHAEL A. REYES, HAYLEY KRISTEN STAFEN, GREGORY STINNETT, RONALD W. TAYLOR, and DAVID J. WIGGINS, (hereinafter referred to as "BALEY, *et al.*" or "Plaintiffs") by and through their attorneys, JAC A. COTIGUALA, and BRIAN D. MASSATT, and bring this action on behalf of themselves and all others similarly situated to themselves, to recover from THE CITY OF

1

CHICAGO (hereinafter referred to as "Defendant") unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §216(b) (hereinafter "FLSA"). *See* Notices of Consent attached hereto as Group Exhibit A.

1. Jurisdiction over Plaintiffs' claims is conferred on this Court pursuant to 29 U.S.C. § 216, 28 U.S.C. §§ 1331 and 1337.

2. Venue is proper pursuant to 29 U.S.C. § 1391 as Defendant has its principal place of business and the events giving rise to the claims occurred within the geographic jurisdiction of this Court.

### Count I – FLSA

Plaintiffs BALEY, *et al.*, on behalf of themselves, complain against Defendant as follows:

3. At all relevant times, Defendant, has been a public agency, an employer, and an enterprise "engaged in commerce" as defined by Sections 3(d), (r) (s) and (x) of the Fair Labor Standards Act, 29 U.S.C §203.

4. At all relevant times, Defendant employed plaintiffs to work as paramedics within the Fire Department's Bureau of Emergency Medical Services, all in Chicago, Illinois. By virtue of their employment as paramedics, Plaintiffs do not qualify for the overtime exemptions afforded to fire protection employees. 29 U.S.C. §207(k), 29 C.F.R. §553.210.

5. Between January 1, 2006 and the present, Plaintiffs were not paid their wages at the appropriate rate for all hours worked in excess of 40 during certain work weeks in which each worked, in violation of the maximum hours provisions of the FLSA,

to wit, 29 U.S.C. §207.

6. At all relevant times, Plaintiffs were "employees" of Defendant as defined by Section 3(e) of the FLSA. 29 U.S.C. §203(e).

7. Defendant paid Plaintiffs at an hourly rate of pay on a salary basis but failed to properly pay them for all hours worked in excess of 40 in a week.

8. Plaintiffs believe that virtually if not every employee of Defendant was not paid overtime in accordance with the FLSA.

9. Plaintiffs' job duties and terms and conditions of employment, do not exempt Plaintiffs from the overtime and minimum wage requirements of the FLSA.

WHEREFORE, Plaintiffs pray that this Court enter judgment in Plaintiffs' favor and against Defendant, and that Defendant pay to Plaintiffs:

a. The full amount of wages due for all hours worked, and an equal amount in liquidated damages plus prejudgment interest as far back as a non-willful violation of the FLSA allows;

b. Reasonable attorneys' fees and costs; and

c. All other relief that this Court deems necessary and just.

### Count II – FLSA – WILLFUL

Plaintiffs BALEY, *et al.*, on behalf of themselves, re-allege and restate paragraphs 1-9 above as if fully set forth herein.

10. At all times relevant hereto Defendant either knew or in reckless disregard should have known that Plaintiffs performed duties for which they were not paid overtime, in accordance with the FLSA. Defendant knew or in reckless disregard should have known that Plaintiffs were entitled to overtime compensation under the FLSA. Defendant knew or in reckless disregard should have known that it violated and

continues to violate federal law by paying Plaintiffs less than required by the FLSA for overtime worked.

11. Defendant previously resolved an FLSA lawsuit on behalf of paramedics, Alex v. City of Chicago, 29 F.3d 1235 (7th Cir., 1994). As a result of that lawsuit, the City was well aware that the overtime provision of the FLSA applies to the paramedics and that it should make its pay conform with the requirements of the FLSA.

12. Defendant willfully violated the FLSA by failing to pay the appropriate rate for all hours worked over 40 in a week to Plaintiffs as required. 29 U.S.C. §201 *et. seq.*

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and against Defendant, and that Defendant pay Plaintiffs:

a. The full amount of wages due for all hours worked, and an equal amount in liquidated damages plus prejudgment interest for as far back as a willful violation of the FLSA allows;

b. Reasonable attorneys' fees and costs; and

c. All other relief that this Court deems necessary and just.

Respectfully submitted,

By: /s/ Jac A. Cotiguala
One of Plaintiffs' Attorneys

Jac A. Cotiguala
Brian D. Massatt
JAC A. COTIGUALA & ASSOCIATES
431 South Dearborn Street, Suite 606
Chicago, Illinois 60605
(312) 939-2100

Dated: January 13, 2009