

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS BALEY, *et al.*, on behalf of themselves and all other individuals similarly, situated known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF CHICAGO, a municipal corporation, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 09 C 228 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiffs, on behalf of themselves and all other individuals similarly situated, known and unknown, filed suit in Federal Court against Defendant, City of Chicago, alleging improper calculation of overtime hours pursuant to the Fair Labor Standards Act ("FLSA") and willful violation of the FLSA. Before this Court is Defendant's motion to compel arbitration and to dismiss.

## BACKGROUND

*Factual History*

The City of Chicago employs Plaintiffs in the Chicago Fire Department, Emergency Medical Services ("EMS") division. Plaintiffs are members of the Chicago Firefighters Union Local #2 (the "Union"). A Collective Bargaining Agreement ("CBA") governs the terms of the agreement between the Union and the Chicago Fire Department EMS. The CBA contains a grievance arbitration procedure.

Count I of Plaintiffs' Complaint alleges that "Plaintiffs were not paid their wages at the appropriate rate for all hours worked in excess of 40 hours during certain work weeks in which each worked, in violation of the maximum hours provisions of the FLSA." (Pls.' Compl., at ¶ 5 ). Count II of Plaintiffs' Complaint alleges that the City of Chicago "willfully violated the FLSA by failing to pay the appropriate rate for all hours worked over 40 hours in a week to Plaintiffs and other similarly-situated employees as required." (Pls.' Compl., at ¶ 12). Before this Court is the City of Chicago's motion to compel arbitration and to dismiss Plaintiffs' Complaint.

## Procedural History

Defendant notes, and Plaintiffs do not dispute, that this case is the third in a series of FLSA law suits filed on behalf of EMS paramedics employed by the City of Chicago Fire Department by the same attorney who represents Plaintiffs here. The previous two lawsuits, both filed in the Northern District of Illinois, are *Alvarez, et al v. City of Chicago*, Case No. 07 C 2807; and *Caraballo, et al. v. City of Chicago*, Case No. 07 C 2807. These cases were consolidated by Judge Hibbler because:

> At the end of the day, the *Alvarez* and *Caraballo* Plaintiffs are not in distinguishable positions, other than the timeliness of their claim (the *Alvarez* Plaintiffs seek to recover for FLSA violations dating to August 1, 2004, and the *Caraballo* Plaintiffs seek to recover for violations dating to April 1, 2005).

*Caraballo v. City of Chicago*, 2009 WL 743315, at *2 (N.D. Ill. 2009) (*Caraballo*).

After extensive discovery of the consolidated cases, the City of Chicago filed a motion for summary judgment. After briefing and argument, Judge Hibbler granted the City of Chicago summary judgment. *Id.* at 6. Judge Hibbler held that the plaintiffs in the consolidated case were "hopelessly heterogeneous" and that collective actions under the FLSA were therefore not appropriate because sorting through the multiple subclaims

would be "an enormous tax upon judicial resources" and that "such an enormous effort would defeat the very purpose of a collective action in the first place." *Id.* Judge Hibbler then dismissed the collective action complaints without prejudice to allow the plaintiffs to pursue their collective overtime pay claims as a grievance under the CBA. *Id.*

In this case, Plaintiffs raise identical claims to those raised in the consolidated *Alvarez* and *Caraballo* action. (Pls.' Compl. in *Alvarez* (06 C 4639), Pls.' Compl. in *Caraballo* (07 C 2807), Pls.' Compl. in *Baley* (09 CV 228)). Plaintiffs' attorney, appearing before Judge Hibbler during a hearing for the consolidated cases of *Alvarez* and *Caraballo* on January 8, 2009, stated that he was going to file a third suit on "claims [that are] identical" to those in the consolidated *Alvarez* and *Caraballo* case. (Tr. of Proceedings, pp 12-13, *Caraballo*, 2009 WL 743315 (N.D. Ill. 2009)(06 C 4639)). On January 13, 2009, the current action was filed based on allegations only distinguishable from those of *Alvarez* and *Caraballo* by the timeliness of the claim. (Pls.' Compl. ¶ 5). The only apparent reason that this third collective action was filed separately is because Plaintiffs again missed the opt-in period in the earlier cases. (Tr. of Proceedings, pp 12-13, *Caraballo*, 2009 WL 743315 (N.D. Ill. 2009) (06 C 4639)).

## LEGAL STANDARD

29 U.S.C. § 216(b) allows plaintiffs to bring a collective action on behalf of themselves and other similarly situated employees. *Mielke v. Laidlaw*, 313 F.Supp.2d 759, 762 (N.D. Ill 2004) (Mielke). Neither the FLSA nor the regulations promulgated thereunder define the term "similarly situated" so it has been left to the courts to give meaning to the phrase. *Id.* If the FLSA claims of plaintiffs are not similarly situated,

then a collective action is not proper and will be subject to dismissal. *Jonites v. Exelon Corporation*, 522 F.3d 721, 726 (7th Cir. 2008) (*Jonites*).

## ANALYSIS

The City of Chicago first alleges that this should be dismissed because the Plaintiffs' CBA requires the claims to be submitted through the union grievance procedure. However, "a union cannot consent for the employee [to waive his right to a judicial forum] by signing a collective bargaining agreement that consigns the enforcement of statutory rights to the union-controlled grievance and arbitration machinery created by the agreement." *Jonites*, 522 F.3d at 724 (citing *Pryner v. Tractor Supply Co.*, 109 F.3d 354, 363 (7th Cir. 1997)). Moreover, "[t]he Seventh Circuit observed that the Supreme Court has held that a union-negotiated waiver of employees' statutory right to a judicial forum for claims of employment discrimination *might* be enforceable . . . provided it was explicit. *Caraballo*, 2009 WL 743315 at *2 (N.D. Ill. 2009) (quoting *Jonites*, 522 F.3d at 725) (internal quotations omitted) (emphasis in original). As noted in *Caraballo*, "the general arbitration provision in Plaintiffs' CBA is similar to the one at issue in *Jonites* and is not an explicit waiver that serves as an absolute bar to the Plaintiffs' ability to bring their claims in federal court." *Caraballo*, 2009 WL 743315 at *7. Therefore, Plaintiffs have the right to bring this action before the district court.

The issue, therefore, in this case is whether Plaintiffs have correctly filed a collective action, alleging numerous violations of the FLSA pursuant to 29 U.S.C. 216(b), or whether the Plaintiffs are required to file individual actions in district court, alleging violations of the FLSA.

4

In *Jonites*, the named plaintiffs represented an opt-in class under 29 U.S.C. § 216(b) of more than one thousand Commonwealth Edison ("ComEd") employees. *Id* at 722. Plaintiffs alleged that a number of ComEd practices violated provisions of the FLSA. *Id.* The District Court granted summary judgment in ComEd's favor. *Id.* The Seventh Circuit affirmed. *Id.* at 727. The court in *Jonites* held that the plaintiffs class was "hopelessly heterogeneous," which was fatal to their filing a collective action under 29 U.S.C. § 216(b). *Id.* at 725, 726. The Seventh Circuit held:

> If [Plaintiffs] are unwilling to file individual suits, or create homogeneous classes . . . then, since an essential condition of maintaining an FLSA class action – that the members of the class be 'similarly situated' to one another, 29 U.S.C. § 216(b) – is not satisfied, their only recourse is to ask the union to file grievance proceedings under the collective bargaining agreement.

*Jonites*, at 726.

Similarly, in *Leahy v. City of Chicago*, police officers alleged violations of the FLSA and brought suit seeking overtime pay. *Leahy v. City of Chicago*, 96 F.3d 228, 230 (7th Cir. 1996) (*Leahy*). The court in *Leahy* stated, "The situation here – a police department of some 12,000 officers in different districts with different shift schedules and different exigencies arising each day that might affect officers' meal periods – is not conducive to a one-shot solution." *Leahy*, at 232.

In this case, *Jonites* is on point. Judge Hibbler's opinion, relying on *Jonites* and holding that Plaintiffs' claim renders the class heterogeneous, is persuasive and applicable here. The claim is not conducive to a one-shot solution. As noted above, Plaintiffs' counsel conceded that the claims presented in this case are identical to those presented in *Alvarez* and *Caraballo*. As such, Plaintiffs' claims are found to be heterogeneous and not properly the basis for a collective action suit.

5

Plaintiffs now contend that dismissal at this point is not proper because the current action differs from the consolidated case of *Alvarez* and *Caraballo* presented to Judge Hibbler in that extensive discovery has not been conducted as it was in those cases; therefore, it cannot yet be determined whether the class is heterogeneous. However, Plaintiffs do not specify what facts could be determined from further discovery that would distinguish this case from *Alvarez* and *Caraballo*. Judge Hibbler noted the two cases before him were not in a "distinguishable position" in deciding to include *Alvarez* in his ruling on *Caraballo*. The case before this Court does not appear to be in a distinguishable position from those cases before Judge Hibbler. Moreover, the earlier admissions that the claims here are identical to those before Judge Hibbler would seem to preclude Plaintiffs' contentions regarding the need for more discovery.

Those earlier statements appear to constitute a binding judicial admission on this point. Judicial admissions are concessions that "may not be controverted at trial or on appeal . . . A judicial admission is conclusive, unless the court allows it to be withdrawn." *Keller v. United States*, 58 F.3d 1194, 1199 (7th Cir. 1995) (*Keller*). "Judicial admissions are formal concessions in the pleadings, or stipulations by a party or its counsel, that are binding upon the party making them." *Keller*, 58 F.3d at 1198. "Verbal admission . . . at oral argument is a binding judicial admission, the same as any other formal concession made during the course of proceedings." *McCaskill v. SCI Management Corp.*, 298 F.3d 677, 680. (7th Cir. 2002). "Defense counsel clearly has the authority to make judicial admissions for his client." *United States v. Cravero*, 530 F.2d 666, 671, 672 (5th Cir. 1976).

## CONCLUSION

Although the City of Chicago claims it is not now moving for summary judgment, it is clear from the City's brief and arguments,[1] that it is relying on factual determinations made by Judge Hibbler in *Alvarez* and *Caraballo*, as well as the legal analysis applied, that resulted in summary judgment. Therefore, pursuant to Rule 12(d) of the Federal Rules of Civil Procedure, the Court will consider the City of Chicago's motion to dismiss as a motion for summary judgment. It appears that Plaintiffs have had "a reasonable opportunity to present all the material that is pertinent to the motion," as required by Rule 12(d). Plaintiffs' counsel has admitted that their claims are identical to those presented in *Alvarez* and *Caraballo*. At this juncture, there appears to be no further factual information that Plaintiffs could present that would alter the outcome of the instant motion. *See Woods v. City of Chicago*, 234 F.3d 979, 991 (7th Cir. 2000) (upholding district court's grant of summary judgment on the materials presented when plaintiff did not point to any specific controverted factual issue).

As mentioned above, Judge Hibbler's opinion in *Alvarez* and *Caraballo* is persuasive based both on the facts (identical to those here) and his analysis and application of controlling authority, as discussed above. Therefore, summary judgment is granted in favor of the City of Chicago against Plaintiffs.

Dated: 7-7-09

JOHN W. DARRAH
United States District Court Judge

---

[1] The City of Chicago claims that it is moving to dismiss Plaintiffs' suit pursuant to Rule 7(b) of the Federal Rule of Civil Procedure. This is not proper. Rule 7(b) sets out the proper form for motions, not the grounds on which relief may be granted.