**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| THOMAS BALEY *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 09 CV 228 |
| v. ) | |
| ) | **Judge Darrah** |
| CITY OF CHICAGO, a municipal ) | Magistrate Judge Cole |
| corporation, ) | |
| ) | |
| Defendant. ) | |

## **DEFENDANT'S MOTION TO CONSOLIDATE**

Defendant City of Chicago ("the City"), by its undersigned counsel Caffarelli & Siegel Ltd., moves this Court, pursuant to Fed. R. Civ. P. 42(a), for an order consolidating this matter with Alvarez v. City of Chicago, No. 06 C 4639 and Caraballo v. City of Chicago, No. 07 C 2807, two consolidated cases now pending before Judge William J. Hibbler. These cases involve common factual and legal issues that are essential to the resolution of all three matters. In support of its Motion, the City states as follows:

1. The instant action is a 25-plaintiff opt-in case with two counts, one alleging a violation of the Fair Labor Standards Act ("FLSA") and the other alleging a willful violation of the statute.

2. Alvarez is an action brought by approximately 370 plaintiffs. Caraballo is an 11-plaintiff case. Both Alvarez and Caraballo are cases involving two counts, one alleging a violation of the FLSA and the other alleging a willful violation of the statute. The Alvarez and Caraballo Complaints are attached as Exhibits A and B, respectively. They are substantively identical to the Complaint in the instant case.

3. This Court has held that in the instant case, "Plaintiffs raise identical claims to those raised in the consolidated <u>Alvarez</u> and <u>Caraballo</u> action," and are "only distinguishable from those of <u>Alvarez</u> and <u>Caraballo</u> by the timeliness of the claim." (D.E. 29 at p. 3.)

4. Under Rule 42(a), a court may order actions involving common questions of law or fact to be consolidated in the interest of avoiding "unnecessary costs or delay." Fed. R. Civ. P. 42(a). The determination of whether two cases involve the same factual or legal questions is within the discretion of the trial judge, and courts consider several factors in making this decision. <u>United States v. City of Chicago</u>, 385 F. Supp. 540, 542-43 (N.D. Ill. 1974); <u>Madigan, Inc. v. Goodman</u>, 57 F.R.D. 512, 514-15 (N.D. Ill. 1972). These include: whether the cases implicate the same key legal issues, whether the proof required to resolve the issues is the same, whether the parties would run the risk of duplicating identical evidence through separate trials, whether the cases rest on a common factual foundation, whether consolidation would increase the complexity of the cases, whether the substantive requirements and legal burdens are the same in both cases, and, lastly, whether one of the cases requires more extensive discovery than the other and would thereby delay adjudication if consolidated with the other. Fed. R. Civ. P. 42(a); <u>City of Chicago</u>, 385 F. Supp. At 542-43; <u>Madigan</u>, 57 F.R.D. at 514-15. The instant case meets the standard for consolidation with <u>Alvarez</u> and <u>Caraballo</u>, as set forth below.

5. The instant Case, like <u>Alvarez</u> and <u>Caraballo</u>, was brought by plaintiff-employees of the Chicago Fire Department ("CFD") who work(ed) as paramedics in the CFD's Emergency Medical Services ("EMS") division. The complaints for all three cases are substantively identical. Jac A. Cotiguala and Brian Massatt are the plaintiffs' attorneys in all three cases.

6. In the instant case, like in <u>Alvarez</u> and <u>Caraballo</u>, the plaintiffs allege that they were compensated for their work under the same broad compensation scheme for calculating

overtime. These virtually identical allegations implicate common legal issues: whether there was a violation of the FLSA, and, if so, whether the violation was willful. These legal issues common to all three claims have been fully briefed through cross-motions for summary judgment in the matters before Judge Hibbler, and are currently pending before him.

7. Because all three cases arise from the same alleged factual foundation and implicate the same legal issues, and because the merits of the claims have already been briefed and are before Judge Hibbler, consolidation would not increase the complexity of the litigation. See Madigan, 57 F.R.D. at 515. To the contrary, consolidation would prevent the parties from duplicating evidence and argument at two separate trials.

8. Consolidation would serve the interest of judicial economy, and permit an expeditions and economic resolution of the cases at hand.

9. The City's counsel has conferred with Plaintiffs' counsel regarding the instant Motion, and Plaintiff's counsel do not agree with the filing of the Motion.

WHEREFORE, Defendant respectfully requests that the Court grant this Motion to Consolidate the instant matter with Alvarez v. City of Chicago, No. 06 C 4639 and Caraballo v. City of Chicago, No. 07 C 2807.

Dated: September 20, 2010                                  Respectfully submitted,

Marc J. Siegel, #06238100
Lorraine T. Peeters, #06290434             By:  /s/ Mara S. Georges
Caffarelli & Siegel Ltd.                          Corporation Counsel City of Chicago
Two Prudential Plaza
180 North Stetson Ste. 3150
Chicago, IL  60601                          By:  /s/ Marc J. Siegel
Tel. (312) 540-1230                             Special Assistants Corporation Counsel
Fax (312) 540-1231

3

**CERTIFICATE OF SERVICE**

   The undersigned, an attorney, hereby certifies that he caused a copy of the attached, **Motion to Consolidate**, to be served upon the parties below by electronically filing with the Clerk of the U.S. District Court of the Northern District of Illinois on September 20, 2010.

Jac A. Cotiguala
Brian D. Massat
JAC A. COTIGUALA & ASSOCIATES
431 S. Dearborn St., Ste. 60605
Chicago, IL 60605
(312) 939-2100

Courtesy copies were delivered to Judge Darrah's chambers (Room 1204) within 24 hours of e-filing, via hand delivery.

            /s/ Marc J. Siegel
            Marc J. Siegel
            Caffarelli & Siegel Ltd.
            Two Prudential Plaza
            180 N. Stetson, Suite 3150
            Chicago, IL 60601