UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THOMAS BALEY, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) Case No. 09-cv-228 |
| CITY OF CHICAGO, | ) |
| | ) Judge John W. Darrah |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant's, City of Chicago's (the "City"), Motion to Affirm That This Matter is Dismissed Without Prejudice. The City requests that the Court "foreclose Plaintiffs' attempts to continue litigation of this matter on the basis that the *Baley* matter remains dismissed without prejudice." (Dkt. No. 64 at 2.) For the reasons set forth below, the City's Motion is denied.

### BACKGROUND

A brief summary of the procedural history of this case is provided to give context to the current status. On January 13, 2009, the Plaintiffs,[1] on behalf of themselves and all other individuals similarly situated, known and unknown, filed suit against the City,

---

[1] The named Plaintiffs in this action are Thomas Baley, Lisa Beard, Sandra Cheatham, Sarah Cruz, Joshua Daisy, Joseph Danielak, Craig Few, Arthur Gallegos, Jose Gonzalez, Anne Gradolf, Edward Hamilton, Donald Jett, Joseph Kinsella, Christine Lona, Richard Marino, Sergio Moreno, David Navarro, Jr., Eric Osborne, John Pearson, Charles Reeves, Michael Reyes, Hayley Stafen, Gregory Stinnett, Ronald Taylor, and David J. Wiggens (the "Plaintiffs").

alleging improper calculation of overtime hours pursuant to the Fair Labor Standards Act (the "FLSA") and willful violation of the FLSA. This case is the third in a series of FLSA lawsuits filed on behalf of Emergency Medical Services ("EMS") paramedics employed by the City of Chicago Fire Department. The previous two lawsuits, both filed in another court in the Northern District of Illinois, were consolidated as one collective action. *See Alvarez, et al. v. City of Chicago*, No. 06-cv-4639; *Caraballo, et al. v. City of Chicago*, No. 07-cv-2807. After extensive discovery, on March 18, 2009, Judge Hibbler granted the City's motion for summary judgment against both the Alvarez and Caraballo plaintiffs because their claims were heterogeneous. *Caraballo, et al. v. City of Chicago*, Nos. 06-cv-4639, 07-cv-2807, 2009 WL 743315, at *6 (N.D. Ill. Mar. 18, 2009.) The court then dismissed the collective-action complaints without prejudice to allow the plaintiffs to pursue their collective overtime pay claims through the plaintiffs' collective bargaining agreement's ("CBA") arbitration provision. *Id.*

Shortly thereafter in this case, the City filed a motion to compel arbitration and to dismiss Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 22.) Because the City relied heavily on factual determinations made by Judge Hibbler in the consolidated *Caraballo* action and the legal analysis applied thereto, the City's motion was treated as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). (*See* Dkt. No. 29, at 7.) On July 7, 2009, the City's motion for summary judgment was granted, and this Court held that there was no factual dispute that the Plaintiffs were heterogeneous and that Plaintiffs' claims could not proceed as a collective action. This was not, however, a final judgment on the merits of Plaintiffs' claims. On October 29, 2009, this judgment was clarified in response to Plaintiffs' motion to alter or

amend the judgment, to hold that Plaintiffs' claims were dismissed without prejudice with leave to file individual claims. (Dkt. No. 39.) Meanwhile, both the *Alvarez* and *Caraballo* plaintiffs had appealed Judge Hibbler's judgment order. The Plaintiffs in this case also filed a timely appeal, but the Seventh Circuit stayed briefing the appeal until it decided the *Alvarez* and *Caraballo* actions.

Then, in *Alvarez, et al. v. City of Chicago*, 605 F.3d 445 (7th Cir. 2010) (*Alvarez*), the Seventh Circuit reversed the district court's dismissal of the named plaintiffs' claims and remanded for proceedings consistent with its opinion. *Id.* at 451. With respect to this case, the Seventh Circuit then entered an order vacating the summary judgment opinion and remanded the case for proceedings consistent with its opinion in *Alvarez*. (Dkt. No. 49.)

Recently, the City filed a motion before Judge Hibbler pursuant to Local Rule 40.4(b), which allows cases to be reassigned to the court in which the earlier case is filed if certain conditions are met, such as cases involving the same issues of fact or law or those that arise out of the same transaction or occurrence. Local Rule 40.4(b). That motion was denied because the *Alvarez* and *Caraballo* actions (now at the summary judgment stages) had progressed to the point that reassignment of this action (in which discovery has yet to begin) would delay the proceedings in that court. *Caraballo*, No. 06-cv-4639, Dkt. No. 212.) *See* Local Rule 40.4(b)(3) ("A case may be reassigned to the calendar of another judge if . . . the earlier case has not progressed to the point where the designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially.").

3

# ANALYSIS

The City argues that this case remains dismissed without prejudice, even in light of the Seventh Circuit's decision in *Alvarez*, because the Plaintiffs were granted leave to file individual claims and have not done so. *Alvarez*, however, undermines the City's argument. The Seventh Circuit held that "the district court erred when it dismissed the claims of the named plaintiffs. When a collective action is decertified, it reverts to one or more individual actions on behalf of the named plaintiffs." *Alvarez*, 605 F.3d at 450. Furthermore, the City argues that Plaintiffs should be foreclosed from proceeding with a collective action based on Plaintiffs' counsel's request to "vacate" the grant of summary judgment and request leave to file *individual* claims. The City's argument is premised on a misunderstanding of the procedural history of this case and the *Alvarez* decision.

In its 10/29/09 Order clarifying its summary judgment opinion, this Court held that Plaintiffs must be permitted to refile their claims in some form. Plaintiffs were permitted to file individual claims because a collective action was held to be improper in light of *Jonites v. Exelon Corp.*, 522 F.3d 721 (7th Cir. 2008) (*Jonites*). But the summary judgment order (and hence the order clarifying the summary judgment order) has since been vacated by *Alvarez*. (Dkt. No. 49.) In *Alvarez*, the Seventh Circuit clarified the application of *Jonites*. There, the appellants argued that the *Alvarez* case was distinguishable from *Jonites* because the plaintiffs were similarly situated with regard to their individual claims but heterogeneous only with respect to having different combinations of subclaims. *Alvarez*, 605 F.3d at 448. Thus, "whether any given paramedic is entitled to recover on the uniform pay theory depends on the legal question of whether such pay should have been included in the base rate, and the simple factual

4

question of whether the particular paramedic received uniform pay." *Id.* Such a procedure was followed in *Fravel v. Cnty. of Lake*, No. 2:07-cv-253, 2008 WL 2704744, *1 (N.D. Ind. July 7, 2008) (*Fravel*), where the court allowed plaintiffs to proceed collectively and then grouped the plaintiffs into four distinct subclasses. *Id.* at 449.

Contrary to *Jonites*, therefore, where "determining whether any given plaintiff had a viable claim depend[ed] on a detailed fact-specific inquiry," here, the City's liability turns on the interpretation of a single uniform policy and whether that policy impacted each individual plaintiff. *Id.* at 449. As a result, the possibility of Plaintiffs' claims proceeding as a collective action is unresolved.

At this initial stage of litigation, it may be most efficient for Plaintiffs to pursue their claims as a collective action. *Cf. id.* (noting that whether plaintiffs were entitled to proceed individually or several actions is in the sound discretion of the court.).

It is not yet clear which or how many claims Plaintiffs will bring. The *Caraballo* plaintiffs, for example, identified ten separate subclaims under the FLSA in their summary judgment brief. After discovery is completed in this case, the means of making individualized determinations, such as the designation of subclasses and the bifurcation of liability and damages (if any), can be determined. *See Russell v. Illinois Bell Telephone Co., Inc.*, 721 F. Supp. 2d 804, 823 (N.D. Ill. 2010) (quoting *Hoffmann La Roche, Inc., v. Sperling*, 493 U.S. 165, 170 (1989)).

Finally, the Seventh Circuit issued an order vacating this Court's grant of summary judgment on the City's Motion to Compel Arbitration and Dismiss Plaintiffs' Complaint based on its ruling in *Alvarez*. (Dkt. No. 49.) The City's motion has not been

resolved. The Motion is denied without prejudice with leave to refile after discovery and a determination per *Fravel*.

## CONCLUSION

For the reasons discussed above, the City's Motion to Affirm That This Matter is Dismissed Without Prejudice [64] is denied. The City's Motion to Compel Arbitration and Dismiss Plaintiffs' Complaint [22] is denied without prejudice.

Date: 6-2-11

JOHN W. DARRAH
United States District Court Judge